IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JAMES KEOUGH, | ) | CV 04-54-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY – WARDEN OF MONTANA | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 6, 2005, United States Magistrate Judge Carolyn S.
Ostby filed Findings and Recommendation in this matter.
Plaintiff, a pro se prisoner, timely objected on May 18, 2005.
Plaintiff is therefore entitled to de novo review of the record.
28 U.S.C. § 636(b)(1).

**I.  Background**

Keough was originally convicted of conspiracy to commit
deliberate homicide.  On July 27, 2000, the Montana Board of

1

Pardons and Parole ("the Board") denied Keough's parole

application.  Keough had a personal interview with the Board on

October 29, 2004, and his application was again denied.  Keough

filed this action under 28 U.S.C. § 2254 and an Amended Petition

on December 1, 2004, challenging the Board's decision to deny his

release.  Judge Ostby engaged in the preliminary screening

required by Rule 4 of the 2254 Rules and recommends that Keough's

Amended § 2254 Petition be summarily dismissed.

## II. Analysis

**A.    Standard of Review under 28 U.S.C. § 2254(d)**

Pursuant to Rule 4 of the 2254 Rules, Keough's petition must

be dismissed "[i]f it plainly appears from the face of the

petition and any attached exhibits that the petitioner is not

entitled to relief in the district court."  Having filed a

federal habeas petition challenging an administrative decision,

Keough's claims are governed by 28 U.S.C. § 2254(d).  White v.

Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004).  He is only

entitled to relief under § 2254(d) if the state court decision

"(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2)

resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in

the State court proceeding."

**B.    Merits of Petition**[1]

Because Keough is a Montana prisoner sentenced when the language of Montana Code Annotated § 46-23-201 was still mandatory, he has a liberty interest in parole release that is protected by the Due Process Clause, and he is thus entitled to due process in his parole proceedings.  See Board of Pardons v. Allen, 482 U.S. 369, 377-78 (1987).  As Judge Ostby noted, the Supreme Court has held that a parole board meets the requirements of due process by affording a parole applicant "an opportunity to be heard" and informing him "in what respects he falls short of qualifying for parole."  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 15 (1979).

Keough does not dispute that he received notice of a hearing, that he eventually received a personal interview with the Board, and that the Board issued a statement of reasons. Instead he disputes the outcome of his hearing, claiming that the Board's decision is so erroneous or arbitrary as to violate federal due process.

The Supreme Court held in Allen that the Board has "very broad" discretion in applying the statutory requirements.  482 U.S. at 381.  Keough has offered no evidence that the Board abused that discretion.  As Judge Ostby points out, the Board's decision is very obviously based on the nature and seriousness of

---

[1]Judge Ostby reviewed the merits of Keough's petition despite the fact that some of his grounds for relief are not exhausted.  In reviewing Judge Ostby's Findings and Recommendation, this Court likewise reviews the merits of Keough's petition.

Keough's offense of conspiring to murder his friend's mother in order to become her son's legal guardian and collect social security payments.  According to the Court in Greenholtz, this is a proper consideration.  442 U.S. at 15 ("The parole determination therefore must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case.").

Keough also claims that the Montana Supreme Court's decision finding his habeas petition moot after the Board granted him a personal interview was erroneous because the Supreme Court should have ordered him to be paroled.  As Judge Ostby notes, Keough's claims assigning error to the Montana Supreme Court are outside this Court's jurisdiction on habeas because he is not challenging his conviction or the Board's denial of parole.

Upon de novo review of the record, this Court finds no error in Judge Ostby's conclusion that Keough is not entitled to relief under § 2254(d).  Thus, Keough's Amended Petition must be summarily dismissed and a certificate of appealability must be denied as he has not made a substantial showing of the denial of a constitutional right.

### III.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Judge Ostby's Findings and Recommendation (**dkt #5**) are adopted in full.

2.   Keough's amended petition for writ of habeas corpus (**dkt #4**)

is DENIED on the merits with respect to grounds 1, 2, 3, 7, 8, 9,

and 10 and DENIED for lack of jurisdiction with respect to

grounds 4, 5, and 6.

3.    Keough's request for a certificate of appealability is

DENIED.

DATED this 9th day of August, 2006.




_____
DONALD W. MOLLOY, Chief Judge
United States District Court